**Electronically Filed
Intermediate Court of Appeals
29551
13-MAY-2011
08:28 AM**

NO. 29551

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DONALD T. OKIMOTO and KUMIKO OKIMOTO, Plaintiffs-Appellants, v.
KURT I. UYEHARA, D.D.S., Defendant-Appellee, and JOHN DOES 1-20,
MARY ROES 1-20, DOE CORPORATIONS AND OTHER ENTITIES 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-0153)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

In this dental malpractice case, Plaintiffs-Appellants
Donald T. Okimoto and Kumiko Okimoto (collectively, Plaintiffs)
appeal from the December 16, 2008 order denying Plaintiffs'
motion for reconsideration of a October 14, 2008 judgment entered
by the Circuit Court of the First Circuit[1] (circuit court) that
granted summary judgment to Defendant-Appellee Kurt I. Uyehara,
D.D.S. (Dr. Uyehara).

On appeal, Plaintiffs argue that the circuit court
erred (1) "in granting summary judgment for failure to list
expert witnesses in a final naming of witnesses, when those
experts were previously named in answers to interrogatories, and
the substance of their expert testimony disclosed;" and (2) "in
requiring expert testimony to establish negligence where Dr.
Uyehara stitched [Mr.] Okimoto's lip to his gums" because the

_____

[1]  The Honorable Eden Elizabeth Hifo presided.

"common knowledge" exception to the expert medical testimony requirement applied.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant law, we resolve Plaintiffs' appeal as follows:

(1) The circuit court properly granted Dr. Uyehara's motion for summary judgment. Although Plaintiffs argue that the pivotal issue here was the circuit court's interpretation of Rule 12(1) of the Hawai'i Rules of the Circuit Court, which pertains to the final naming of witnesses, the circuit court granted summary judgment because Plaintiffs failed to produce any expert testimony to meet their burden of proof when faced with a motion for summary judgment, not because Plaintiffs were late in designating their expert witnesses. On motions for summary judgment,

> [w]here the moving party is the defendant, who does not bear the ultimate burden of proof at trial, summary judgment is proper when the nonmoving party-plaintiff[] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Miyashiro v. Roehrig, Roehrig, Wilson & Hara, 122 Hawai'i 461, 474-75, 228 P.3d 341, 354-55 (App. 2010) (block format and citation omitted).

Plaintiffs had "the burden of establishing a duty owed by the defendant to the plaintiff, a breach of that duty, and a causal relationship between the breach and the injury suffered." Bernard v. Char, 79 Hawai'i 371, 377, 903 P.2d 676, 682 (App. 1995) (citing 4 F. Lane, Lane Medical Litigation Guide § 40.14, at 54 (1993)). As a general rule, "a malpractice case based on negligent treatment cannot be established without expert medical testimony to support it[.]" Id. To establish negligence, the expert must "state that the defendant's treatment deviated from any of the methods of treatment approved by the standards of the profession." Id. Furthermore, "a plaintiff must establish

2

proximate or contributory causation through the introduction of expert medical testimony." Barbee v. Queen's Med. Ctr., 119 Hawai'i 136, 158-59, 194 P.3d 1098, 1120-21 (App. 2008).

Plaintiffs' opposition to summary judgment did not include a dental professional's opinion regarding Dr. Uyehara's care relative to the standard of care. Mr. Okimoto's responses to interrogatories, which were attached to the memorandum in opposition to summary judgment, listed the "the diagnosis and/or prognosis of each dental professional expert" who evaluated him after Dr. Uyehara's treatment, but did not "set forth such facts as would be admissible in evidence," as required by the Hawai'i Rules of Civil Procedure (HRCP) Rule 56(e).[2] Because Plaintiffs failed to respond to Dr. Uyehara's motion for summary judgment with affidavits sufficient to "establish the existence of an element essential to [their] case," summary judgment in Dr. Uyehara's favor was appropriate. Miyashiro, 122 Hawai'i at 475, 228 P.3d at 355. See also Eddins v. Morrison, 105 Hawai'i 376, 378-79, 98 P.3d 247, 249-50 (App. 2004).

Even if, for the sake of argument, we were to excuse Plaintiffs' late filing of the declarations by two expert dentists, the declarations are insufficient to meet Plaintiffs' burden of proof because neither establishes a causal link between Dr. Uyehara's care and Mr. Okimoto's injuries. Causation is an

---

[2] HRCP Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

essential element to be proven by expert testimony in a malpractice case. See Barbee, 119 Hawai'i at 158-59, 194 P.3d at 1120-21. Because Plaintiffs as the nonmoving party "failed to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof[,]" Dr. Uyehara was "entitled to judgment as a matter of law[.]" Miyashiro, 122 Hawai'i at 475, 228 P.3d at 355.

(2) The "common knowledge" exception to the expert medical testimony requirement does not apply here. Although "Hawai'i does recognize a 'common knowledge' exception to the requirement that a plaintiff must introduce expert medical testimony on causation[,] . . . [t]his exception is 'rare in application[.]'" Barbee, 119 Hawai'i at 159, 194 P.3d at 1121 (citing Medina v. Figuered, 3 Haw. App. 186, 188, 647 P.2d 292, 294 (1982) and Craft v. Peebles, 78 Hawai'i 287, 298, 893 P.2d 138, 149 (1995)). The circuit court, citing Barbee, gave examples where the exception applied and found that the facts alleged in this case were not analogous. We agree.

We can easily distinguish Lipman v. Lustig, 190 N.E.2d 675 (Mass. 1963), and Merola v. Stang, 130 So.2d 119 (Fla. Dist. Ct. App. 1961), the cases Plaintiffs cite on appeal. In Lipman and Merola, the dentists' treatment damaged or threatened damage to body parts unrelated to the tooth being treated. Here, the allegedly damaged body part, the lip, is connected or in close proximity to the gum and jaw operated on, not unrelated to the area receiving treatment.

Moreover, in Merola, the court noted that although there was no expert testimony, "the jury had the benefit of a photograph of the patient, showing the nature and extent of the cut," which was "no mere scratch, but . . . extensive and disfiguring." 130 So.2d at 120. The pictures proffered by Plaintiffs, in contrast, are not so elucidating. They do not show the allegedly improper stitching and are inadequate to permit a layperson to "conclude from common experience that such

things do not happen if there has been proper skill and care" exercised in installing dental implants. <u>Craft</u>, 78 Hawaiʻi at 298, 298 P.3d at 149 (internal quotation marks and citation omittted).

Plaintiffs failed to meet their burden of making a prima facie showing of negligence and causation when faced with summary judgment.

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's December 16, 2008 order denying reconsideration and the October 14, 2008 judgment in favor of Defendant-Appellee Kurt I. Uyehara, D.D.S., are affirmed.

DATED: Honolulu, Hawaiʻi, May 13, 2011.

On the briefs:

Carl H. Osaki
and
Wayne M. Sakai,
Michiro Iwanaga, and
Daniel M. Chen,
(Sakai Iwanaga Sutton),
for Plaintiffs-Appellants.

Sidney K. Ayabe,
Diane W. Wong, and
Michael J. Van Dyke,
(Ayabe Chong Nishimoto Sia &
Nakamura),
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge